UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE RESOURCES, LTD. f/k/a GARRISON INTERNATIONAL, LTD., | * |
| Defendants. | * |

ORDER

October 2, 2014

TALWANI, D.J.

Currently before the court is Defendants' emergency Motion for a Protective Order [#123]. Defendants move the court to issue a protective order postponing the deposition of Michel Gueudret, which is currently scheduled to begin on October 6, 2014. Mot. Protective Order, ¶1. In support of the request for a protective order, Defendants assert that: (1) Plaintiff failed to confer with Defendants' counsel about his availability prior to noticing the deposition, (2) a scheduling conflict precludes Defendants' counsel from adequately preparing for the deposition as scheduled, and (3) Plaintiff's delayed production of relevant discovery material impedes Defendants' ability to prepare for and effectively participate in the deposition.

As an initial matter, the court expects parties to engage in good faith communications regarding the scheduling of depositions. It is evident, however, that in this case communications with Defendants' counsel prior to noticing Mr. Gueudret's deposition would not have avoided

the present issue. The primary conflict asserted by Defendants' counsel did not yet exist on September 22, 2014, when the deposition was noticed.

Defendants also claim that scheduling conflicts preclude Defendants' counsel from adequately preparing for the deposition. Namely, Defendants explain that on September 25, 2014, Defendants' counsel participated in a status conference in another matter, Troy v. Samson Mfg. Corp., 1:11-cv-10384-WGY, currently pending in this district. Id. at ¶5. At the status conference on that matter, the court set that case for an evidentiary hearing beginning on October 8, 2014, at 9:30 a.m. Id. Defendants assert that it is unreasonable to require Defendants' counsel to prepare for both matters on such short notice. Id. at ¶12.

The court is cognizant of the difficulties created by competing case demands. Nonetheless, the Troy case was not set for trial until September 25, 2014, three days after the deposition in this case was noticed. At the September 25, 2014, status conference, however, Defendants' counsel did not inform the court about the previously scheduled deposition or indicate that the proposed hearing schedule might pose a conflict with that deposition. See Troy v. Samson Mfg. Corp., 1:11-cv-10384, Tr. Status Conference Held Sept. 25, 2014, 20 [#99]. Given the failure to inform the court about Mr. Gueudret's scheduled deposition when discussing the proposed trial schedule, Defendants' counsel's scheduling conflict does not justify a protective order postponing Mr. Gueudret's deposition.

Defendants' final claim in support of the motion for a protective order is that Plaintiff only recently produced a disc containing approximately 1000 pages of documents, leaving Defendants' counsel without adequate time to review these documents and consult with Defendants regarding their content prior to the scheduled deposition. Mot. Protective Order at

2

¶19.[1] Defendants also claim that Plaintiff has yet to produce additional relevant documents and may not do so prior to Mr. Gueudret's deposition. Id. at ¶¶15-18, 20.

On August 7, 2014, the court lifted a stay in this case that had been in place since March 7, 2014. See Electronic Order Granting Stay [#89]; Order, 1 [#100] (extending stay until August 7, 2014). At the same time, the parties were made aware that discovery would close on November 14, 2014. See Order, 1 [#104]. On September 5, 2014, Defendants filed a Cross-Motion to Stay Discovery [#112], which the court denied on September 9, 2014. See Electronic Order Denying Mot. Stay [#115]. Nonetheless, once the stay was lifted Defendants did not seek to confer with Plaintiff about this production until September 19, 2014. Id. at ¶15. Accordingly, this claim does not justify entry of a protective order.

Defendants' Motion for a Protective Order [#123] is DENIED.

Date: October 2, 2014

/s/ Indira Talwani
United States District Judge

---

[1] Plaintiff responds that 95% of the documents on this disc bear no relation to issues about which Mr. Gueudret might be deposed. Pl.s' Opp'n Defs.' Mot. Protective Order, 5 n.5 [#126].