UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER

October 15, 2014

TALWANI, D.J.

Before the court is Defendants' <u>Motion for a Protective Order</u> [#124]. Defendants seek a protective order prohibiting Plaintiff from taking five depositions currently noticed to begin on October 21-24, 2014, in Ulaanbaatar, Mongolia. Mot. Protective Order, 2, Exs. 1-5.

Defendants argue that the depositions should be canceled altogether on the grounds that: (1) the late timing of the depositions is prejudicial; (2) the taking of depositions in Mongolia is prejudicial because the court has no power to compel production of evidence in the country; (3) the videotaping of the depositions is prejudicial; and (4) three of the five individuals to be deposed may offer expert testimony, but Plaintiff has failed to appropriately identify these individuals as experts pursuant to Federal Rule of Civil Procedure 26. None of these grounds support prohibiting cancelling the depositions altogether.

Defendants complain that Plaintiff scheduled the depositions nearly one year after listing the witnesses in his initial disclosures. The depositions were noticed on September 24, 2014,

which was approximately seven weeks before the end of discovery and four weeks before the depositions were scheduled to begin. See id. at Exs. 1-5; Scheduling Order, 1 [#104]. Accordingly, the depositions were noticed in a timely manner.

Defendants further assert that Plaintiff should be prohibited from taking the depositions because Defendants will be prejudiced by their inability to compel "corresponding" depositions in Mongolia. See Mot. Protective Order at 1. Plaintiff is similarly without means to compel depositions in Mongolia. Moreover, both parties have equal ability to seek the voluntary cooperation of foreign citizens. The fact that Plaintiff has sought out witnesses willing to appear at a deposition while Defendants have not is not prejudicial.

Defendants also argue that Plaintiff's plan to videotape the depositions gives rise to prejudice because these videotapes may be presented at trial in lieu of live testimony. This claim does not justify a protective order prohibiting the taking of the depositions. The court will address the admissibility of deposition testimony should this case go to trial.

Finally, Defendants assert that Plaintiff has indicated that three of the five deponents may offer expert testimony, but has failed to answer expert interrogatories.[1] Expert depositions may not occur prior to expert disclosures. Accordingly, if expert disclosures are not made as required by this court's scheduling order and Federal Rule of Civil Procedure 26(a)(2) prior to the taking of depositions, witnesses deposed prior to such disclosures may not be allowed to testify as experts at trial. Nonetheless, this fact does not justify prohibiting the taking of fact depositions.

For the foregoing reasons, the court finds that Defendants have failed to justify their argument that Plaintiff should be prohibited from taking the five depositions.

Defendants have presented a further argument that prejudice will arise if the depositions occur as scheduled. Defendants note that currently pending before the court is Defendants'

---

[1] Plaintiff responds that no such interrogatories have been served.

Motion to Dismiss for Forum Non Conveniens [#108].  Because this motion has the potential to be dispositive of the case, the court's ruling on this matter may moot the need to take further depositions.  This argument loses force given the late filing of Defendants' motion to dismiss.  Nonetheless, the court finds that a brief stay of the scheduled depositions is appropriate to avoid any possibility of prejudice.  For this reason, the court ALLOWS in part Defendants' Motion for a Protective Order [#124].

The court hereby orders that:

1. The depositions noticed to begin on October 21-24, 2014, are temporarily stayed.  No depositions related to this case shall be conducted in Mongolia for the next thirty days;

2. The deadline for fact discovery shall be extended to December 14, 2014, to allow for the conduct of renoticed depositions, if necessary, after the court rules on the pending motion to dismiss.

/s/ Indira Talwani
United States District Judge

Date: October 15, 2014