UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL P. NEELON,

    Plaintiff,

v.

BLAIR KRUEGER and DESERT EAGLE
RESOURCES, LTD. f/k/a GARRISON
INTERNATIONAL, LTD.,

    Defendants.

Civil Action No. 12-cv-11198-IT

CORRECTED ORDER

December 8, 2014

Currently before the court is Plaintiff Daniel P. Neelon's <u>Motion for Leave to File Second Amended Complaint</u> [#149]. Neelon seeks to amend his complaint to add a new cause of action—Intentional Infliction of Emotional Distress—and 115 new paragraphs of allegations. <u>Compare</u> First Am. Compl. [#18], <u>with</u> Pl.'s Proposed Second Am. Compl. [#150-1] [hereinafter Proposed Compl.]. For the reasons set forth below, the motion is DENIED.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court "should freely give leave [to amend] when justice so requires." Although there is "no outer time limit on amendments," <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1174 (1st Cir. 1995) (citation omitted), "grounds for denial include undue delay, bad faith or dilatory motive[,] . . . undue prejudice to the opposing party[,] and futility of amendment." <u>ACA Fin. Guaranty Corp. v. Advest, Inc.</u>, 512 F.3d 46, 56 (1st Cir. 2008) (citation, internal alterations, and quotation marks omitted).

I.    <u>Neelon's Delay is Unjustified</u>

"Where considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect

and delay." Grant v. News Grp. Bos., Inc., 55 F.3d 1, 6 (1st Cir. 1995). In this case, Neelon's motion to amend was filed on October 30, 2014—the last day available to seek leave to amend the complaint under the court's scheduling order. Although within the deadline for seeking leave, the motion was filed after the case had been actively litigated for twenty-two months and with only six weeks remaining in the discovery period.[1] See Scheduling Order [#104]. Absent a showing of good cause for not filing sooner, this delay is unjustified. See Hayes v. N. Eng. Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979).

Neelon's proposed amendment is based on information discovered in February 2014. See Pl.'s Reply Mem. Supp. Pl.s' Mot. Leave File Second Am. Compl., 2 [#168] [hereinafter Pl.'s Reply] (stating that "*every* allegation added . . . was known" by both parties as of February 2014" (emphasis Neelon's own)); see also id. at 3 (referring to the written declaration of Michael Gueudret, provided to Defendants on February 19, 2014, as the source of the vast majority of the new allegations). From March 7, 2014, until August 7, 2014, this case was stayed. Accordingly, the court examines whether Neelon's delay from August 7, 2014, until October 30, 2014 was justified.

Neelon asserts that from August until October he was waiting for the court to rule on his Motion to Compel Document Responses and Production [#78]. Neelon states that he believed resolution of that motion might lead to production of additional information to "further support the information on the bribery scheme and the participation of other people in it." Pl.'s Reply at 7. As of February 2014, however, Neelon "clearly possessed the knowledge necessary to make the claims he sought to assert in the amended complaint even without [the potential additional

---

[1] The court has since extended the discovery period to January 30, 2014, for the limited purpose of taking depositions of particular witnesses in Mongolia. See Order [#180].

2

information]." Grant, 55 F.3d at 6. His failure to promptly file is not justified by his desire to obtain additional support for his proposed claims through discovery.

II.     Neelon's Delay is Prejudicial

Allowing Neelon's motion to amend would prejudice Defendants because it would leave insufficient time for discovery on Neelon's new cause of action, which involves a substantial number of facts largely occurring in Mongolia.

Had Neelon sought leave to amend his complaint promptly after learning of facts giving rise to his proposed cause of action (or, at the least, promptly after the stay was lifted), both parties could have conducted discovery relevant to his allegation of intentional infliction of emotional distress. Instead, Neelon sat on his motion to amend while awaiting the court's order on his motion to compel in the hopes that he alone could gather additional information. This decision allowed Neelon to proceed with discovery relevant to his proposed claim of intentional infliction of emotional distress while handicapping Defendants by providing them no reason to conduct similar discovery on potential defenses.

This problem is illustrated by the deposition of Michael Gueudret in early October 2011. As Neelon admits, the majority of new allegations included in his proposed amended complaint arise from information provided by Gueudret. See Pl.'s Reply at 6; see also Proposed Compl. ¶¶ 32-39, 66-86, 130-32, 134, 138-39. At the time of Gueudret's deposition, however, Defendants had no reason to believe that the factual allegations in Gueudret's affidavit were potentially determinative of liability under the proposed additional cause of action[2] and no reasonable incentive to cross-examine Gueudret about their veracity.

---

[2] For example, Neelon now alleges that part of Defendants' scheme to inflict emotional distress involved threats made against him in February and April 2011. See Proposed Compl. ¶ 234(A). In June 2013, however, the court denied Defendants' motion to strike mention of these alleged

3

III.   Neelon's Amendment is Potentially Futile

Because of the undue delay and prejudice, the court need not reach the issue of whether Neelon's proposed additional cause of action would be futile. Nonetheless, the court notes that Defendants have made a strong argument that the amendment would be futile.

Neelon's motion was filed more than a year after the court denied Defendants' motion to dismiss for lack of personal jurisdiction, based on a finding that the court had specific jurisdiction over Defendants for the claims alleged in Neelon's First Amended Complaint. See Mem. & Order Mot. Dismiss [#43]. It is unclear, however, that the court would have specific jurisdiction for Neelon's claim of intentional infliction of emotional distress.

The gravamen of Plaintiff's new allegations involve a scheme to bribe Mongolian government officials into harassing Neelon and having him unlawfully detained in Mongolia. Although Neelon argues that the emotional harm arising from Defendants' scheme occurred primarily in Massachusetts, there is little evidence in the proposed amended complaint that Neelon's claim of intentional infliction of emotional distress "either arises directly out of, or is related to, the defendant[s'] [Massachusetts] based contacts." Harlow v. Children's Hosp., 432 F.3d at 50, 60-61 (1st Cir. 2005).

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint [#149] is DENIED.

IT IS SO ORDERED.

December 8, 2014                                    /s/ Indira Talwani
                                                    United States District Judge

---

threats from the record, holding that they "were not determinative of [P]laintiff's claims." See Electronic Order [#55].