UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL P. NEELON,

    Plaintiff,

v.

BLAIR KRUEGER and DESERT EAGLE RESOURCES, LTD. f/k/a GARRISON INTERNATIONAL, LTD.,

    Defendants.

Civil Action No. 12-cv-11198-IT

ORDER RE: DEPOSITION OF NORA ICHINNOROV MANJAA

December 16, 2014

TALWANI, D.J.

Before the court is Defendants' Emergency Motion to Take Deposition of Nora Ichinnorov Manjaa After Close of Discovery [#196]. As set forth below, Defendants' motion is ALLOWED IN PART.

Fact discovery in this case closed on December 14, 2014. See Order 3 [#135]. In an effort to ensure the case is resolved on its merits, the court previously allowed extensions to this deadline for limited purposes. See Order 3-4 [#180]. This included an extension of time for Defendants to notice and depose Mongolian witnesses identified in their November 26, 2014 filing with the court. See Def.s' Resp. Ct. Order 2-3 [#177]. One of the identified witnesses was Nora Ichinnorov Manjaa ("Manjaa"). See id. at 2.

On December 11, 2014, Defendants filed an emergency motion seeking the court's leave to have Manjaa's deposition go forward on "December 19, 2014, or another mutually convenient time" in Boston, Massachusetts, rather than in Mongolia. See Def.s' Emergency Mot. Take Dep.

Nora Ichinnorov Manjaa After Close Disc. 1. Defendants explained that Manjaa would be visiting family in Boston in December 2014. See id. at 2.

Shortly after Defendants filed their motion, Plaintiff's counsel informed the court that they were unavailable from December 16, 2014, until January 2015. See Pl.'s Emergency Mot. Compel Def. Krueger's Dep. Appearance, for Sanctions, & Issuance Protective Order 2 n.1 [#197] (filed December 11, 2014). Nonetheless, Defendants failed to seek other mutually agreeable dates for the deposition and, at a motion hearing on December 15, 2014, claimed to have been first informed of Plaintiff's unavailability earlier that morning. Only upon questioning by the court did Defendants acknowledge that Manjaa would remain in Boston through early January and might be available to be deposed on a later date.

Accordingly, Defendants' motion [#196] is ALLOWED IN PART and DENIED IN PART as follows.

1. The court will not allow Manjaa's deposition to go forward on December 19, 2014, given the unavailability of Plaintiff's counsel;
2. On or before December 19, 2014, Defendants may re-notice Manjaa's deposition to take place in Boston, Massachusetts on any day between January 2, 2015, and January 5, 2015, on which Manjaa is available and Plaintiff's counsel may attend;
3. If Manjaa is not deposed in Boston during the specified time, Defendants may take her deposition in Mongolia later in January 2015 in accordance with the court's Order [#180] of November 26, 2014.

IT IS SO ORDERED.

December 16, 2014            /s/ Indira Talwani
                                                            United States District Judge