UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

## ORDER

January 12, 2015

TALWANI, D.J.

On January 8, 2015, Plaintiff Daniel P. Neelon filed an Emergency Motion for Protective Order Regarding Defendants' Notice of Three Mongolian Depositions in Violation of Court Orders [#226]. On January 9, 2015, Defendants Blair Krueger and Desert Eagle Resources Ltd. (collectively, "Defendants") filed an Opposition to Plaintiff's Emergency Motion and Cross-Motion for Variance of Court Orders [#231] [hereinafter, Def.s' Opp'n], which sought a variance of the Court's orders dated November 26, 2014 and December 16, 2014. For the reasons set forth herein, Plaintiff's motion is ALLOWED and Defendants' motion is DENIED.[1]

---

[1] Plaintiff's Reply Memorandum in Support of His Emergency Motion for Protective Order Regarding Defendants' Notice of Three Mongolia Depositions in Violation of Court Orders [#232] seeks a further protective order that "prevents Defendants from . . . curtail[ing] . . . Plaintiff's time and rights regarding expert reports." Id. at 2. The court will not entertain a motion for a protective order included in the text of a reply brief. Moreover, if plaintiff intends to file such a motion (or if Defendants intend to file a motion to change the date for expert witness reports), counsel are directed to first confer as required under Local Rule 7.1.

The court's Order [#180] of November 26, 2014, allowed a limited continuance of the close of fact discovery from December 15, 2014 to January 31, 2015. With regard to depositions of fact witnesses in Mongolia, the court allowed Defendants "to depose witnesses listed in their Response to Court Order [#177] in Mongolia on or before January 30, 2015."[2] The court specified that "[n]otices of such depositions *must be served by December 31, 2014, and* must give at least 15 days notice of the scheduled depositions." Order, 4 [#180] (emphasis added); see also id. ("Defendants shall provide Plaintiff at least fifteen days notice of such depositions. *Deposition notices shall be served no later than December 31, 2014*" (emphasis added)).

The Supplemental Scheduling Order [#213] of December 16, 2014, reiterated these limits on fact discovery: "Defendants may take the depositions of witnesses in Mongolia if: (1) those witnesses were identified in their November 26, 2014 filing with the court *and* (2) Defendants comply with the notice requirements set forth in the court's Order [#180] of November 26, 2014." (emphasis added).

Defendants do not dispute that they noticed the depositions in Mongolia of three fact witnesses on January 7, 2015—a week beyond the court's deadline – and that one of the witnesses, Battur Norovsambuu, was not included in the list Defendants provided to the court on November 26, 2014. See Mem. Supp. Emergency Mot. Protective Order Ex. A [#227]; Def.s' Opp'n. In seeking to be excused from the failure to comply with the court's orders, Defendants assert that their counsel acted in good faith and relied "perhaps mistakenly" on the court's directives at the December 15, 2015, hearing as sufficient. Def.s' Opp'n at 1. Defendants point to no ambiguities in the court's orders, leaving the court with the unfortunate impression that if

---

[2] Defendants have previously argued to the court that there would be no prejudice to Plaintiff regarding the late notice of these depositions because "[t]hese individuals are taken straight from Plaintiff's Rule 26 disclosures, in which he described each of them as having relevant information." Def.s' Resp. Order Dated Nov. 25, 2014, 6 [#175].

2

the failure to comply with the court's orders was not willful, then Defendants and their counsel may simply not be reading the orders. In any event, nothing in this record allows the court to find "Defendants' counsel's reliance [on] more than fifteen days as sufficient notice," Id. at 6, to be reasonable in light of Defendants' obligation to read and comply with the court's orders.

Defendants argue finally that the timing of the deposition notices was not Defendants "unilaterally dictat[ing] the discovery schedule," but "simply reflects the realities and hardship of conducting voluntary discovery in a developing country on the other side of the world." Id. at 4. To suggest that the difficulties of discovery excuse the failure to comply with court orders in entirely unpersuasive. Those "realities" should have focused Defendants' close attention to the court's orders and, if the schedule imposed in those orders posed difficulties, Defendants should have sought the court's assistance. Unfortunately, that did not happen here.

For all of the above reasons, Plaintiff's <u>Emergency Motion for Protective Order Regarding Defendants' Notice of Three Mongolian Depositions in Violation of Court Orders</u> [#226] is ALLOWED, and Defendants' <u>Cross-Motion for a Variance of Court Orders</u> [#231] dated November 26, 2014 [#180] and December 16, 2014 [#213] is DENIED.

IT IS SO ORDERED.

January 12, 2015 /s/ Indira Talwani
United States District Judge