UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER

March 2, 2015

TALWANI, D.J.

Before the court is Defendants' <u>Motion to Preclude Use of Certain Deposition Testimony at Trial and Mr. Neelon from Taking or Defending Further Depositions Based on His Violations of the Witness-Advocate Rule</u> [#222]. In this motion, Defendants object to Plaintiff Daniel P. Neelon's ("Neelon") taking of six depositions of Mongolia-based witnesses. Defendants assert that, because Neelon is a necessary witness at trial, the taking of these depositions violated Massachusetts Rule of Professional Conduct 3.7(a) ("Rule 3.7(a)") and they should be excluded at trial. Defendants also seek an order barring Neelon for taking any future depositions.

Rule 3.7(a) states that, but for limited exceptions not applicable here, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." <u>See</u> Mass. R. Prof. Conduct 3.7(a). "The primary purpose of this rule is 'to prevent the jury as fact finder from becoming confused by the combination of the roles of attorney and witness.'" <u>Smaland Beach Ass'n, Inc. v. Genova</u>, 959 N.E.2d 955, 962 (Mass. 2012) (quoting <u>Steinert v. Steinert</u>, 897 N.E.2d 603, 606 (Mass. App. Ct. 2008)).

As a preliminary matter, Neelon argues that Rule 3.7(a) is inapposite to his participation as counsel because the rule does not bar a party-litigant who is also an attorney from representing himself. Although Neelon is correct that Rule 3.7(a) does not limit an attorney's right to represent himself pro se, see Gorovitz v. Planning Bd. of Nantucket, 475 N.E.2d 377, 379-80 (Mass. 1985), Neelon is not proceeding pro se in this case. Rather, he is represented by his law partner, Paul Andrews, and his notice of appearance indicates that he is "*additional counsel* of record." See Pl.'s Notice Appearance Additional Counsel [#183] (emphasis added). Thus, Rule 3.7(a) applies.

That Rule 3.7(a) applies, however, does not mean that Neelon's actions to date are necessarily in violation of the rule. To the contrary, the Massachusetts Supreme Judicial Court has made clear that the Rule 3.7(a) acts to bar a witness-advocate's participation only *at trial*, not during the pretrial period. See Smaland Beach Ass'n, 959 N.E.2d at 9676 ("[J]udges need only divorce the two functions—that of advocate and witness—at the trial itself"); id. ("[W]ere the judge to ground . . . disqualification . . . in rule 3.7(a) alone, he is limited to barring the attorney's participation at trial. Any disqualification that might extend to pretrial activities must derive from a different source."); accord Culebras Enters. Corp. v. Rivera-Rios, 846 F.2d 94, 99-100 & n.9 (1st Cir. 1988) ("[W]e do not believe that the Rule 3.7 bar against being an 'advocate at a trial' normally prohibits a witness-attorney from acting as counsel in pretrial discovery.").[1]

Defendants acknowledge that Rule 3.7(a) generally does not foreclose a witness-advocate's participation prior to trial. They argue, however, that Neelon's participation as counsel in video depositions, which may be played for the jury at trial, will have the same

---

[1] Culebras Enters. interpreted Rule 3.7 of the American Bar Association Model Rules of Professional Conduct, not the Massachusetts Rules of Professional Conduct. See 846 F.2d at 99. However, the texts of the two rules are identical, and the Massachusetts Supreme Judicial Court has relied on Culebras Enters. in interpreting the Massachusetts rule. See Smaland Beach Ass'n, 959 N.E.2d at 962, 966-67.

2

injurious effect as would his participation at trial. Defendants emphasize that deponents questioned by Neelon sometimes answered questions about Neelon's activities using first- or second-person pronouns ("we," "you") rather than the third person ("he," "Mr. Neelon"). Defendants argue that, upon hearing these answers, the jury would necessarily understand that Neelon was the deposing counsel, creating a risk of confusion and prejudice.

The court agrees that these portions of the depositions, if played at trial, would risk creating jury confusion and would constitute a violation of Rule 3.7(a). However, the court disagrees that the appropriate remedy is to strike these depositions in full. Rather, cognizant of the Massachusetts Supreme Judicial Court's warning that "judges must proceed with 'deliberate caution' when considering disqualification of an attorney" pursuant to Rule 3.7(a), Smaland Beach Ass'n, 959 N.E.2d at 963, the court believes a more narrowly crafted remedy is appropriate. Accordingly, should this case proceed to trial, the court will entertain a timely filed motion in limine seeking an order excluding particular portions of the relevant depositions or requiring other corrective measures to avoid the potential for jury confusion. See, e.g., Culebras Enters., 846 F.2d at 100 n.9 ("[A] deposition might be put in evidence at trial showing the name of a trial witness acting in the role of attorney at the deposition. This problem could ordinarily be solved, however, by redacting the attorney-witness's name from the deposition.").

For the same reasons, the court will not issue an order prohibiting Neelon from taking additional depositions. Neelon is on notice, however, that any portion of such depositions that risk creating jury confusion if played at trial may be redacted or deemed inadmissible by the court at a later date.

Accordingly, it is hereby ordered that Defendants' Motion to Preclude Use of Certain Deposition Testimony at Trial and Mr. Neelon from Taking or Defending Further Depositions

Based on His Violations of the Witness-Advocate Rule [#222] is DENIED WITHOUT PREJUDICE to Defendants seeking the exclusion of particular portions of the depositions through a timely motion in limine should Neelon seek to introduce the depositions at trial.

    IT IS SO ORDERED.

March 2, 2015                                                                                     /s/ Indira Talwani
                                                                                                  United States District Judge