UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL P. NEELON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * | |
| RESOURCES, LTD. f/k/a GARRISON | * | |
| INTERNATIONAL, LTD., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

March 10, 2015

TALWANI, D.J.

I. Introduction

Currently before the court is Plaintiff Daniel P. Neelon's Objections to Magistrate Judge's Order on Defendants' Motion to Compel Production of Documents, A Privilege Log, or Waiver of the Privilege [#220]. After reviewing these objections, the court AFFIRMS the magistrate judge's finding that Plaintiff's privilege log was inadequate, AFFIRMS (with limited exceptions) the magistrate judge's Memorandum & Order on Defendants' Motion to Compel Production of Documents, Privilege Log, or a Finding or Privilege [#217] insofar as it compels Plaintiff to produce responsive documents as to which Plaintiff alone claims protection, VACATES the order insofar as it compels production of documents that Plaintiff contends are protected by his clients' privileges or protections, and ORDERS production of documents and further briefing as set forth herein.

II. Background[1]

In this action, Plaintiff brings claims for defamation, unfair and deceptive business practices, and tortious interference with business relations. See First Am. Compl. ¶¶ 85-122 [#18]. Plaintiff alleges that Defendants Blair Krueger and Desert Eagle Resources, Ltd. (collectively, "Defendants") made certain false statements in Canada suggesting that Plaintiff was facing criminal charges in Mongolia, and that these statements were published in the United States, harming Plaintiff's reputation and business prospects. See generally id.

On December 13, 2013, Plaintiff served objections to certain of Defendants' requests for production of documents, but included no privilege log with those objections. See Mem. & Order Def.s' Mot. Compel Production Docs., Privilege Log, Finding Privilege Waiver, 10 [#217] [hereinafter Discovery Order]. This case was subsequently stayed from March 7, 2014 to August 7, 2014. See id. at 11; Electronic Order [#89] (granting stay); Scheduling Order [#100] (setting deadline to lift stay).

On October 31, 2014, Defendants filed their Motion to Compel Production of Documents, Privilege Log, or a Finding of Privilege Waiver [#147], which this court referred to the magistrate judge. On November 5, 2014, Plaintiff served a privilege log on Defendants. See Pl.'s Opp'n Defs.' Mot. Compel Produc. Docs., Privilege Log, Finding Privilege Waiver, Ex. A [#165-1] [hereinafter Privilege Log].[2]

On December 19, 2014, the magistrate judge ruled on the motion, holding that Plaintiff had waived his claims of privilege and protection over nearly all responsive documents "by

---

[1] The factual record set forth by the magistrate judge is generally not disputed and, except where otherwise indicated, is accepted by this court.

[2] Although filed with the court on November 21, 2014, the log's certificate of service is dated November 5, 2014. See Privilege Log at 24. Defendants confirm they received the log on November 5, 2014. See Defs.' Opp'n Pl.'s Objections Magistrate Judge's Order Defs. Mot. Compel Produc. Docs., Privilege Log, Finding Privilege Waiver 1 [#224].

failing to produce an adequate privilege log." See Discovery Order at 11. The magistrate judge ordered Plaintiff to produce all responsive documents—except for communications between Plaintiff and his counsel in the instant litigation—by January 16, 2015. Id. at 7-8, 11.

Plaintiff filed timely objections to this order, which the parties have extensively briefed. See Pl.'s Objections Magistrate Judge's Order Defs.' Mot. Compel Produc. Docs., Privilege Log, Waiver Privilege [#220] [hereinafter Pl.'s Objections]; Defs.' Opp'n Pl.'s Objections Magistrate Judge's Order Defs. Mot. Compel Produc. Docs., Privilege Log, Finding Privilege Waiver [#224] [hereinafter Defs.' Opp'n]; Pl.'s Reply Mem. Supp. Objections Magistrate Judge's Order Defs.' Mot. Compel Produc. Docs., Privilege Log, Waiver Privilege [#230].

On January 15, 2015, while these objections were still pending, Plaintiff filed an emergency motion seeking a stay of the order requiring disclosure by January 16, 2015. See Emergency Mot. Stay Magistrate Judge's Order Waiving Privileges & Ordering Produc. Pending Ruling Fed. R. Civ. P. 72(A) Objections [#234]. The court referred this emergency motion to the magistrate judge, who granted the stay pending this court's ruling on Plaintiff's objections. See Electronic Order [#239] (referring motion); Electronic Order [#240] (granting stay).

III.   Discussion

   A.   *Standard of Review*

If a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The court reviews factual findings for clear error, Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999), and gives pure questions of law plenary review, PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). Mixed questions of law and fact "invoke a sliding standard of review," with "more fact

3

intensive . . . question[s]" receiving "more deferential . . . review" and "more law intensive . . . question[s]" receiving less deference. In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (citations and internal quotation marks omitted). Issues of privilege may include both factual and legal determinations. United States v. Bisanti, 414 F.3d 168, 170-71 (1st Cir. 2005).

      B.      *Adequacy of Plaintiff's Privilege Log*

The magistrate judge ruled that Plaintiff's privilege log was "manifestly inadequate" because it: (1) "does not assert the privilege as to individual documents but rather as to categories of documents," and (2) the information included in the log falls short of "meeting the burden of establishing an entitlement to the privilege." See Discovery Order at 4.

Plaintiff objects to the magistrate judge's conclusions as clearly erroneous in light of the Advisory Committee Notes on the 1993 Amendments to Federal Rule of Civil Procedure 26, which state that "[d]etails concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described in categories." See Pl.'s Objections at 4 (quoting Fed. R. Civ. P. 26(b)(5), advisory committee notes to the 1993 amendments). Plaintiff further argues that the information provided in the log is sufficient "for a reasonable reader to determine that the referenced communications . . . would be privileged." Id. at 8. According to Plaintiff, he could not "reveal any more specifics about the communications" without risking a waiver of his claims of privilege. Id.

Federal Rule of Civil Procedure 26(b)(5)(A) requires a party objecting to document requests on the grounds of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." As Plaintiff emphasizes, the First Circuit has made clear that privilege logs need not "be

4

precise to the point of pedantry" or contain "infinitely detailed information." In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001).[3] It is also true that the Advisory Committee Notes allow for the development of categorical logs. See Fed. R. Civ. P. 26(b)(5)(A), advisory committee notes to the 1993 amendments.

Neither of these allowances, however, purports to limit or supplant the requirement that litigants provide information "sufficient to judge whether the undisclosed documents satisfy each element required for protection." Clark v. Edison, No. 09-40040-FDS, 2010 WL 3245428, at *3 (D. Mass. Aug. 16, 2010); see also See, e.g., Teledyne Instruments, Inc. v. Cairns, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274, at *16 (M.D. Fla. Oct. 25, 2013) ("The sufficiency of a categorical privilege log turns on whether the categories of information are sufficiently articulated to permit the opposing parties to assess the claims of privilege or work product protection."); Clark, 2010 WL 3245428, at *3 ("Generally, a party does not need to provide information concerning the type, date, and author of a document *where such information is obvious from the document's title*." (emphasis added)); In re Rivastigmine Patent Lit., 237 F.R.D. 69, 87 (S.D.N.Y. 2009) ("A categorical log may be used where "(a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well-grounded."); United States v. KPMG LLP, 237 F. Supp. 2d 35, 37-38 (D.D.C. 2002) (reiterating denial of request to use a categorical log where use of categories would impede thorough and efficient review).

---

[3] In re Grand Jury Subpoena discussed Federal Rule of Civil Procedure 45(d)(2), which governs claims of privilege in response to a subpoena, rather than Federal Rule of Civil Procedure 26(b)(5)(A). However, the substantive requirements of the two rules are the same, such that the First Circuit's precedent is equal applicable here. See Bryan Corp. v. Chemwerth, Inc., 296 F.R.D. 31, 41 n.6 (D. Mass. 2013)

5

Although a categorical log may be allowable if thorough review is still possible, the log Plaintiff produced here was inadequate. By way of example, the attorney-client privilege has been summed up as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

Comm'r of Revenue v. Comcast Corp., 901 N.E.2d 1185, 1194 (Mass. 2009) (quoting 8 J. Wigmore, Evidence § 2292 (McNaughton rev. 1961)).[4] Accordingly, a blanket assertion of the privilege is insufficient. See In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011). Plaintiff needed to provide information sufficient to show, at the least, the existence of each element described above. Plaintiff's log—which grouped documents by relationship or overall transaction—does not contain such detail, making it difficult for Defendants or the court to test the applicability of the asserted privilege as to each document sought to be withheld.

Examples of the privilege log's lack of detail include the following: (1) the log identifies the categories of withheld documents in broad strokes, see, e.g., Privilege Log ¶ A.20 ("Communications between Plaintiff, as client Cohen's agent and attorney in fact for Garrison Asia-Related matters, and witnesses about information and documents concerning Defendant's actions and resulting consequences in 2011-2014 . . . and Plaintiff's communications to Cohen about such communications with witnesses."); id. ¶ C.10 ("Communications between Ariunaa Tsogt (as representative and agent of Plaintiff and/or Cohen and employee) and Plaintiff, individually and as U.S. counsel for Cohen . . . and as agent and attorney-in-fact representative of Cohen concerning events that occurred, documents that were issued or presented, police and prosecutor positions, Defendants' actions, translating communications with witnesses and prior counsel and translation of and the provision of documents . . . ."); (2) the log only approximates relevant time periods, see, e.g.,

---

[4] As a case heard on the basis of diversity jurisdiction, state privilege law is applicable. Gill v. Gulfstream Park Racing Ass'n, 399 F.3d 391, 401 (1st Cir. 2005) (citing Fed. R. Evid. 501)).

id. at p. 4 ("All time periods stated herein are approximated for reference purposes and are not intended to be limiting on the time period in which the referenced privileged documents may have been sent or created."); id. ¶ A.7 (claiming privilege over documents created or sent in "spring-summer 2012"); (3) the log makes no attempt to quantify the number of documents in any sub-category, see generally id.; (4) the log fails to describe the nature or type of communication with specificity, see id. at p. 4 ("As used in this Privilege Log, the term 'communications' means and includes . . . without limitation e-mails, letters, skype texts, notes on conversations, memos, phone text messages, and other forms of documentation or any communication."); (5) at times, the log fails explain how the privilege would apply to the involved parties, see, e.g., id. ¶ J.1 (claiming, in part, attorney-client privilege over "[c]ommunications between Plaintiff and his . . . former assistant Boloroo"); (6) at other times the log fails to specify the claimed privilege with particularity or to specifically identify the communicators involved, see, e.g., id. ¶ H.2 ("Communications between Plaintiff or Ariunna Tsogt and any employee of GC International regarding any confidential matter (unrelated to any matter at issue in this litigation) that is protected by federal law or other applicable law from disclosure.").

Plaintiff's choice to group his privilege log by relationship or transaction also impedes efficient review when it is compared against Defendants' document requests. See Defs.' Blair Krueger & Desert Eagle Resources Ltd. f/k/a Garrison Int'l, Ltd. Request Prod. Docs. Pl., Daniel P. Neelon [#148-2]. The privilege log does not indicate which of the documents (or categories of documents) being withheld relates to which of Defendants' document requests. As a result, it is unclear to which of Defendants' document requests Plaintiff believes the putatively privileged documents are responsive. This lack of coherent relation makes understanding and testing the asserted privileges even more difficult.

Finally, although Plaintiff argues that any additional specificity would reveal the content of privileged documents, the court disagrees. By way of example, Plaintiff could have provided more

precise dates, an identification of the nature of the communications, the approximate number of documents involved, the name of all individuals receiving or sending particular communications, and the general subject matter of the withheld documents.

In sum, a finer, more document-specific screening was required to meet Plaintiff's obligations under Federal Rule of Civil Procedure 26(b)(5)(A) as to both his assertions of the attorney-client privilege (as explained above) and other privileges and protections. The magistrate judge's ruling that the privilege log provided by Plaintiff provided inadequate detail regarding the putatively privileged documents and that he waived his privileges and protections as to such documents (except as to presumptively privileged documents) was not clearly erroneous and is AFFIRMED, except as provided below.

  C. *Communications Between Plaintiff and his Counsel*

The magistrate judge found that "communications between Plaintiff and his counsel in the instant litigation" were "presumptively privileged" and need not be disclosed. See Discovery Order at 8. Defendants do not object to this finding.

The magistrate judge refused to extend this ruling to sections of the privilege log dealing with communications between Plaintiff and his counsel involved in California- and Quebec-based litigation arising from the same set of facts and against the same defendants. See id. As to these communications, the magistrate judge ruled that he had "no idea what the subject of these communications were [sic] much less whether they involved legal advice." Id.

Plaintiff and Defendants were opposing parties in these other cases and Plaintiff's statements provided the court with adequate notice of that fact. See, e.g., Privilege Log at 3 (providing timeline of all litigation between parties); Mem. & Order 7-8 & n.2 [#189] (discussing, in a prior order, Plaintiff's California- and Quebec-based actions). The magistrate judge's finding to the contrary was clearly erroneous. Accordingly, the court finds that Plaintiff's communications with counsel in the

8

California- and Quebec-based litigation (limited to the time period in which Plaintiff was involved in those actions) are presumptively privileged and need not be disclosed. See Privilege Log ¶ D, F.

   D.   *The Order Compelling Production of Documents*

The magistrate judge found that, in light of Plaintiff's delay in producing an adequate privilege log and the closing (with limited exceptions) of discovery, there was no longer time to submit a more thorough log and have subsequent litigation over the adequacy of that corrected log. Accordingly, the magistrate judge ordered Plaintiff to produce all responsive documents which had been withheld on the basis of any privilege or protections (the only exception being documents including communications between Plaintiff and his instant trial counsel, which the magistrate judge held to be privileged). See Discovery Order at 9, 11.

The magistrate judge's order required the disclosure of a number of communications between Plaintiff and his clients for which he claims the attorney-client privilege attached. This includes not only communications between Plaintiff and Georges Cohen (who Plaintiff argues was a client but Defendants assert was also Plaintiff's business partner in various undertakings related to this litigation), but also to or from other of Plaintiff's clients. See Privilege Log, ¶¶ L, M.

The attorney-client privilege belongs to the client, not the attorney. Suffolk Constr. Co. v. Div. of Capital Asset Mgmt., 870 N.E.2d 33, 43 (Mass. 2007). An order requiring disclosure of documents based on Plaintiff's inadequate privilege log, therefore, would be subject to immediate challenge by Plaintiff's clients. See In re Grand Jury Subpoenas, 123 F.3d 695, 699 (1st Cir. 1997). In that event, the record, including the deficient privilege log, would be inadequate for meaningful appellate review of the clients' rights. Id. at 700 (remanding appeal for further inquiry into the question of privilege).

Accordingly, although further consideration of the attorney-client privilege will delay proceedings here, such review is necessary to ensure that the court, having found *Plaintiff's* assertions of privilege and protection waived, also addresses any privileges and protections alleged

9

by his clients. Ultimately, thorough treatment at this stage should avoid the additional delay of an interlocutory appeal and remand for further findings.

III. Conclusion

Accordingly, the magistrate judge's order is modified as follows:

(1) Plaintiff is ordered to produce, on or before March 24, 2015, all documents which are responsive to the Defendants' documents requests and which have been withheld on the basis of any privilege or protection, except for: (a) communications between Plaintiff and his counsel in the instant litigation; (b) communications between Plaintiff and his counsel in the California- and Quebec-based litigation arising from the same set of facts and against the same defendants, but only during the pendency of Plaintiff's involvement with those suits; and (c) documents as to which Plaintiff contends his client or clients hold the privilege or protection.

(2) Plaintiff is further ordered, by March 24, 2015, to provide a copy of this order and a Bates-stamped copy of each document that he has withheld pursuant to paragraph 1(c) of this order to the client or clients he contends holds the privilege or protection. Plaintiff shall also file, by March 24, 2015, a log identifying the documents withheld by Bates-stamp number.

(3) Any client or clients seeking to assert a privilege or protection over these documents may file a motion for a protective order by April 7, 2015. Any such motion shall include a privilege log with sufficient detail to allow Defendants and the court to test the applicability of the asserted privilege as to each document sought to be withheld.

(4) Plaintiff is further ordered to produce, on or before April 10, 2015, any documents withheld by Plaintiff pursuant to paragraph 1(c) of this order as to which his client or clients have not filed a timely motion for a protective order.

(5) Any opposition to any motion for a protective order filed by any such client or clients must be filed by April 14, 2015.

(6) All such motions for a protective order will be referred to the magistrate judge.

IT IS SO ORDERED.

March 10, 2015                                              /s/ Indira Talwani
                                                            United States District Judge