UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION

March 17, 2015

TALWANI, D.J.

Plaintiff Daniel P. Neelon seeks clarification of the court's Memorandum & Order [#259], which ruled on his objections to a magistrate judge's Memorandum & Order on Defendants' Motion to Compel Production of Documents, Privilege Log, or a Finding or Privilege Waiver [#217]. The court treats Plaintiff's Emergency Motion for Clarification of Certain Issues in the Court's Memorandum and Order Dated March 10, 2015 Concerning Privilege Log Issues [#263] as a motion for reconsideration and, except as set forth in section three below, DENIES the motion.

*1.    Communications with Mongolian Attorneys*

Plaintiff claims that the court's order was ambiguous as to whether his communications with Mongolian attorneys related to the filing of a criminal complaint and bar transit order against him were presumptively privileged as attorney-client communications. See Pl.'s Emergency Mot. Clarification Certain Issues The Court's Mem. & Order Dated March 10, 2015 Concerning Privilege Log Issues, 4 [#263] [hereinafter Pl.'s Emergency Mot.].

The communications held to be presumptively privileged by the magistrate judge were those between Plaintiff and his counsel in the instant litigation. This court extended that recognition of a presumptive privilege to communications during Plaintiff's participation in the California- and Quebec-based litigation, in which the same Defendants were adverse. The court's order on this matter clearly affirmed the magistrate judge's ruling that any privilege held by Plaintiff over communications with Mongolian attorneys was waived.

The presumption of privilege applied by the magistrate judge does not apply to Plaintiff's Mongolian communications, see Pl.'s Privilege Log ¶ A.12 [#220-1], which were not made in relation to litigation in which Defendants were an adverse party.[1] Absent the applicability of a presumptive privilege, the court's prior order upheld on clear-error review the magistrate judge's ruling that Plaintiff's privilege log as to these communications was insufficient. In the absence of any new facts or an identified error of law in the court's application of legal principles regarding the requirements of a privilege log, reconsideration of that finding is unwarranted.

2.  *Work Product*

Plaintiff further seeks an order clarifying that documents containing work product that he created during the instant litigation, his past California- and Quebec-based actions, and his investigation by Mongolian police are presumptively privileged. See Pl.'s Emergency Mot. at 4.

Plaintiff did not object on the ground that the magistrate judge improperly failed to find Plaintiff's alleged work-product, see Pl.'s Privilege Log ¶ F, presumptively privileged. Accordingly, Plaintiff's instant objection was not before this court when it undertook review of the magistrate judge's order, and the absence of discussion on this point in the court's order is not a point of ambiguity. Rather, it is a direct result of the scope of Plaintiff's objections.

---

[1] Although Defendants filed a criminal complaint, any subsequent investigation or charges would have been by Mongolian officials. In any case, the record indicates that no such litigation arose.

Plaintiff's failure to raise this ground in his objections constitutes waiver of his argument. In any case, Plaintiff's objection only serves to illustrate the deficiency of his privilege log. There, Plaintiff sought to claim categorical protection over "[c]ommunications between Plaintiff . . . and witnesses and potential witnesses concerning matters related to this litigation, or Plaintiff's California case." See Pl.'s Privilege Log ¶ F. The work-product protection is qualified: it may be overcome by an opposing parties' showing that the putatively privileged documents "are otherwise discoverable under Rule 26(b)(1)" and "the party . . . has a substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i-ii). Plaintiff's privilege log, which did not identify in any material way the nature of the communications, failed to provide the information necessary to allow Defendants to test the applicability of the claimed protection or determine whether they believed an exception to that protection applied.

*3. Communications with Other Clients*

Finally, Plaintiff asserts that documents concerning clients "who are not involved in any way in this litigation and whom Plaintiff does not claim were lost as a result of the defamatory publications at issue, are outside the scope of permitted discovery." Pl.'s Emergency Mot. at 4. Plaintiff's privilege log sought to assert protection over "[c]ommunications . . . between Plaintiff and anyone assisting him in the rendition of legal services, and any past, present, or potential client of Plaintiff, whether as sole practitioner, attorney at Denner Pellegrino LLP (now defunct), or attorney at Boston International Law Group LLC or Neelon, Andrews, & Levin, LLC." Pl.'s Privilege Log ¶ M.

Although the documents described, on their face, appear to be of questionable relevance, Plaintiff failed to raise the argument that Defendants' document requests were overbroad in his objection to the magistrate judge's order. Accordingly, that issue was not properly before the

3

court in its review of Plaintiff's objections.  Moreover, based on Plaintiff's broad description of documents in his Privilege Log, the court is unable to clearly ascertain if such communications would be "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

Despite Plaintiff's failure to properly place this objection at issue before this court, the court is concerned about burdening non-parties through unnecessary motion practice.  Because a third-party's motion for a protective order, if successful, may also engender a request for the payment of fees from Plaintiff and/or Defendants, a proliferation of such motions should be undesirable to the parties as well.  Both parties would be better served by clarifying the true scope of the request and the withheld documents, including by informing the court if Defendants' document request in fact seeks documents related to *all* of Plaintiff's former and current clients, including those apparently wholly unrelated to the facts of this case or Plaintiff's claim of monetary harm.

Accordingly, the parties shall submit a joint statement clarifying for the court which client-related documents Defendants seeks and which subset of those documents Plaintiff believe are undiscoverable based on their lack of relevancy to the instant litigation.  If the parties are unable to agree on a joint statement, Defendants shall file a statement explaining to the court the nature and scope of client documents sought, and why those documents are believed discoverable.  Such statement shall be filed by March 19, 2015.

IT IS SO ORDERED.

March 17, 2015 /s/ Indira Talwani
United States District Judge

4