UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

August 11, 2015

TALWANI, D.J.

Defendants filed a Motion for Reconsideration of the Court's Memorandum & Order on Defendants' Motion for Summary Judgment [#386]. Except as clarified below, the motion is DENIED.

    A.    Defendants' Arguments Relating to Choice of Law

Defendants argue first that "§ 150(2) [of the Restatement (Second) on Conflicts of Law ("the Restatement")] does not apply" in determining whether Massachusetts or Canadian law should govern Neelon's defamation claims. Defs.' Mot. Reconsideration Court's Mem. & Order Defs.' Mot. Summ. J. 3 [#387] [hereineafter Reconsideration Mem.]. In their memorandum in support of their motion for summary judgment Defendants expressly relied on section 150(1) of the Restatement, and made no suggestion that only that subsection may be considered. See Mem. Law. Supp. Mot. Summ. J. [#322] [hereinafter Defs.' Summ. J. Mem.]. Moreover, the Massachusetts Supreme Judicial Court has expressly held that courts applying Massachusetts choice-of-law rules may consider the Restatement in determining which state's law applies. See Bushkin Assocs. v.

Raytheon Co., 473 N.E.2d 662, 669 (Mass. 1985).  Accordingly, the court rejects the contention that section 150(2) should not be considered in this case.

Section 150(2) states that "[w]hen a natural person claims that he has been defamed by an aggregate communication, the state of the most significant relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state."  Defendants contend that the court made an incorrect finding that Neelon's domicile was in Massachusetts at the time of the publication. Reconsideration Mem. at 2-3.  Defendants argue that Neelon was actually a Mongolian domiciliary at the time in question.  Id.

Defendants did not raise any argument that Neelon was a Mongolian domiciliary in support of their choice-of-law argument in their summary judgment papers.  Defendants' initial brief was silent on the issue.  See Defs.' Summ. J. Mem. at 1-2.  Defendants' Rule 56.1 statement also made no claim that Neelon was a Mongolian domiciliary, and instead, in a subsection titled "Mr. Neelon's Damages Claim," quoted Neelon as stating that he had "lived primarily in Mongolian since January 24, 2011, in connection with *a temporary, two-year* mining investment project." See Defs.' Local Rule 56.1 Statement Undisputed Material Facts Record Supp. Mot. Summ. J. ¶ 27 [#323] (emphasis added) (quoting Damian LaPlaca Aff., Exs. 19, 20 [#322-40, #322-41]).[1]  Neelon's opposition to Defendants' motion for summary judgment argued explicitly that Neelon "suffered injury resulting from the defamatory press releases in Massachusetts, *which is both his state of business and of residence*." See Pl.'s Opp'n Def.'s Mot. Summ. J. [#335] (emphasis added).  Despite Neelon's assertion, Defendants' reply brief was again silent on the issue of Neelon's domicile.  See Reply Pl.'s Opp'n Defs.' Mot. Summ. J. [#347].

---

[1] In the attached exhibits, Neelon stated further that he was "a U.S. citizen and ha[d] resided in Massachusetts . . . since 2000." See Damian LaPlaca Aff., Exs. 19, 20.

Defendants now cite to other portions of the summary judgment record in support of their claim that Neelon's "domicile was indisputably Mongolia." Reconsideration Mem. at 3. However, it was Defendants' burden to raise this argument and identify such evidence. It was not the court's burden to parse through the more-than-thousand-page record in this case to construct an unbriefed argument on Defendants' behalf. See Fed. R. Civ. P. 56(c)(3) ("The court need only consider the cited materials, [although] it may consider other materials in the record."). Accordingly, insofar as Defendants rely on portions of the record concerning Neelon's domicile neither discussed in their brief and reply brief nor cited in their statement of material facts, they have failed to show grounds for reconsideration. Moreover, Defendants do not explain how a finding that Neelon was a Mongolian domiciliary would support their motion seeking application of Canadian law. Presuming Neelon was domiciled in Mongolia, this would support the application of Mongolian law. Defendants have not argued, and do not now argue, for Mongolian law to govern this claim.

Defendants also object to the court's finding of a multinational reach of the publications at issue. While Defendants now seek to characterize the press releases as directed to "Canadian investors regarding a Canadian company," Reconsideration Mem. at 4, the summary judgment record establishes that the purportedly defamatory press releases were published on the internet via marketwire.com. See, e.g., Aff. Blair Krueger Supp. Mot. Summ. J. ¶ 13 [#322-1] ("On May 20, 2011, our counsel submitted the final May press release to Marketwire for posting."); Marketwire Business Records Decl., pt. 3 [#334-60] (showing that press release had been accessed in North America, Europe, and Asia). Accordingly, the fact that the press releases were available to an audience beyond Canada was not genuinely disputed.

Finally, Defendants argue that the court made improper factual determinations regarding Defendant Blair Krueger's assertion that he subjectively believed that Canadian law would govern his claims by according this belief little weight in the court's choice-of-law analysis. The court,

however, did not discredit that Kruger had a subjective belief that Canadian law would apply. Rather, the court credited the existence of his subjective belief and weighed that belief against other facts relevant to the choice-of-law analysis under section 6 of the Restatement. Specifically, the court found that, despite Krueger's subjective belief, in this case where publication reached multiple forums via the internet, the interest of states in protecting their citizens from harm, the need to avoid incentivizing purposeful publication from the least protective of forums, and the ease of ascertaining and applying Massachusetts law favored application of Massachusetts law. See Mem. & Order 4 [#368]. Because choice of law is a question of law, the court properly resolved this issue on summary judgment by applying the accepted legal test for determining which law would apply to the undisputed facts (internet publication), the uncontested facts (Neelon's domicile), and facts taken as true (Krueger's subjective belief). See Robidoux v. Muholland, 642 F.3d 20, 22 (1st Cir. 2011) ("Choice of law determinations are questions of law . . . ."). Accordingly, Defendants have not set forth a reason for the court to reconsider its finding that Massachusetts law applies to the defamation claims in this case.[2]

      B.      <u>Defendants' Objections to Statements Regarding the Defamation and Chapter 93A Claims</u>

Defendants further assert that the court improperly made final determinations of fact on a number of issues. For purposes of the summary judgment motion, the court resolved all genuine disputes of facts in the light most favorable to the non-movant—Neelon—and, again for purposes of the summary judgment motion, the court drew all reasonable inferences from the evidence in Neelon's favor. See, e.g., United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The court repeatedly emphasized that there were genuine disputes of fact proper for jury resolution. Insofar as

---

[2] In ruling on choice of law, the court is not determining whether Defendants did or did not act reasonably in publishing either the press releases or specific statements therein.

Defendants read the court's order to suggest that the determination of factual issues has been taken away from the jury, this reading is in error.

Accordingly, the court ALLOWS the motion for clarification insofar as necessary to make clear that the court's order did not purport to finally resolve issues of fact relating to the defamation and Chapter 93A claims. The court DENIES the motion for reconsideration.

IT IS SO ORDERED.

August 11, 2015                                    /s/ Indira Talwani
                                                   United States District Judge