UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER ON PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM CERTAIN WITNESSES [#401]

August 31, 2015

TALWANI, D.J.

Plaintiff's Motion *in Limine* to Exclude From Evidence Testimony from Certain Witnesses [#401] is ALLOWED in part and DENIED in part as set forth below.

I.   Andrew Millen

Federal Rule of Civil Procedure 26(a)(1) requires a party "without awaiting a discovery request" to provide to the other parties the name and "if known, the address and telephone number" of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. The disclosing party must supplement these initial disclosures if that party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed.R. Civ. P. 26(e)(1)(A).

If a party seeks to present testimony of a witness at trial, the party must further provide the name, and "if not previously provided, the address and telephone number of each witness," at least

thirty days before trial or at the time otherwise ordered by the court. Id. Rule 26(a)(3). Here, the court ordered all pretrial disclosures required by this rule to be made by August 5, 2015.

With regard to Andrew Millen ("Millen"), Defendants have failed to meet their disclosure obligations under both Federal Rule of Civil Procedure 26 and this court's pretrial order. Defendants do not dispute Plaintiff's charge that Defendants' initial disclosure for Millen was either intentionally or inadvertently false. Defendants seek to justify the incorrect initial disclosure by arguing that Plaintiff did not seek additional information or express a desire to contact Millen. Defendants do not explain why that would be Plaintiff's burden under Rule 26. Cf. Fed. R. Civ. P. 26(e)(1)(A).

Even more troubling is Defendants' pretrial disclosure of Millen. Only one business day before trial, Defendants' witness list states only a country (Argentina) as Millen's address. In response to Plaintiff's motion *in limine*, Defendants state that they do not have knowledge of Millen's whereabouts other than that he works in remote mining areas in the Argentinian frontier. The court is unable to determine whether Defendants' counsel have contact information for Millen that they are unwilling to disclose, are listing him on their pretrial disclosures without any intention to actually call him simply in order to create work for Plaintiff's counsel, or genuinely remain hopeful that Millen will somehow appear at trial despite Defendants' inability to contact him. In any event, Defendants have failed to meet the requirements of Rule 26(a)(1), (3), and Millen is precluded from testifying.

II.     Anthony Bainbridge

With regard to Anthony Bainbridge ("Bainbridge"), the court defers ruling on the motion at this time. Defendants' initial disclosures, pretrial disclosures, and supplemental pretrial disclosures list Bainbridge's contact information as "c/o Desert Eagle Resources." Defendants shall advise the

court, no later than August 31, 2015, as to whether Bainbridge is an employee, director, or officer of Defendant Desert Eagle Resources, Ltd. and, if not, when his tenure in any such position ceased.

III.     Rex Fornaro

With regard to Rex Fornaro ("Fornaro"), Plaintiff's motion is allowed under Federal Rule of Evidence 403.  Defendants proffer Fornaro's testimony as relevant to whether Plaintiff is able to practice law at the sophisticated level he claims, emphasizing that Fornaro brought a malpractice charge against Plaintiff approximately ten years ago.  As Plaintiff notes, however, the First Circuit rejected Fornaro's claim that Plaintiff improperly withdrew from his representation of Fornaro.  In its ruling, the First Circuit noted that "the record suggests that plaintiff and his counsel had at least one serious disagreement over what the rules of professional conduct required plaintiff's counsel to do in light of defense counsel's inadvertent disclosure of a privileged communication.  This alone supplies 'good cause' for withdrawal."  Fornaro v. Gannon, 124 Fed.Appx. 8, 12 (1st Cir. 2004).  Further, Defendants do not dispute that Fornaro's subsequent suit for malpractice was wholly unsuccessful and resulted in a settlement agreement in which Fornaro received nothing and was obligated to release Plaintiff and to refrain from contacting Plaintiff.

The court finds that the probative value of such testimony is substantially outweighed by the danger of unfair prejudice and a substantial risk of wasting the jury's time.

IV.     Maizorig Janchivdorj and Batbuyan Sonomjamts

With regard to Maizorig Janchivdorj and Batbuyan Sonomjamts, Plaintiff's motion is DENIED as moot because Defendants have confirmed that they do not expect to present these witnesses' testimony at trial.

V.     Brian Kaine

With regard to Brian Kaine ("Kaine"), the motion to preclude Kaine's testimony is DENIED without prejudice.

IT IS SO ORDERED.

August 31, 2015                                                             /s/ Indira Talwani
                                                                                                                            United States District Judge