UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S "EXPERT" WITNESS BRION A. BICKERTON [#428]

September 2, 2015

TALWANI, D.J.

Defendants' Motion *in Limine* to Preclude Plaintiff's "Expert" Witness Brion A. Bickerton [#428] is DENIED without prejudice in part and ALLOWED in part.

Bickerton's expert designation lists his expected testimony as relating to "Plaintiff's earning capacity as an attorney in the absence of problems . . . in the years 2011-2015." See Pl.'s Expert Designations [#412-1]. Under Rule 702, a testifying expert 'should have achieved a meaningful threshold of expertise' in the given area" on which he seeks to testify. See Levin v. Dalva Bros., Inc., 459 F.3d 68, 78 (1st Cir. 2006) (quoting Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc., 405 F.3d 36, 40 (1st Cir. 2005)). "Rule 702 has been interpreted liberally in favor of the admission of expert testimony," and "expert witnesses need not have overly specialized knowledge to offer opinions." Id. at 78-79. Here, Bickerton's resume indicates that he is a graduate of Suffolk University Law School and has worked in the field of legal recruiting in Boston, Massachusetts, since 1988. See Defs.' Mot. *in Limine* Preclude Brion A. Bickerton, Ex. A at 6-7 [#428-1]

[hereinafter Bickerton Report]. Bickerton further represents that, as a legal recruiter, he has "spoken with hundreds of law firm partners from a wide variety of law firms, ranging from solo practitioners to partners in 2000+ lawyer firms" and has "reviewed the resumes and salary information of thousands of lawyers." Id. at 5.

Expert testimony must also be based on "sufficient facts and data," Fed. R. Evid. 702, and "must be relevant . . . in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue," Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998). Here, Bickerton bases his testimony on his experience acquired as a legal recruiter as well as data culled from two Partner Compensation Reports prepared by Major Lindsey & Africa for the years 2012 and 2014, respectively. Bickerton's expert report discloses that he will testify to the major factors affecting law partner compensation (i.e., hourly rates, capacity to network and develop business, and the existence of a profitable platform). Bickerton further discloses that he will testify as to how those factors are impacted by firm size and structure. See, e.g., id. at 2 ("Most law firm partners in non-major firms . . . generally bill fewer hours than their major firm brethren."); id. at 3 ("Business generation, particularly in the small firm context, is an important factor affecting compensation."); id. at 4 (comparing the "higher hourly rates, greater annual billing hours and leverage" from associate and other partner billings at large firms with a "small firm structure [that provides the ability to] . . . keep overheads significantly lower and operate on much higher margins."). This is the sort of specialized information about compensation models and firm structures that is unlikely to be known by the jury and which may be of significant assistance in calculating potential damages in this case. First Marblehead Corp. v. House, 541 F.3d 36, 42 (1st Cir. 2008) ("Testimony that provides a necessary context and framework, especially in cases involving complex or unfamiliar concepts,

can be appropriate for expert testimony without improperly interfering with the jury's assessment of credibility.").

Bickerton also reviewed information provided by Plaintiff regarding Plaintiff's expected hourly rate, number of hours likely worked, and average overhead expenses. Bickerton seeks to introduce his calculation of Plaintiff's expected salary if these numbers are accepted. The weight to be given to the numbers presented by Plaintiff regarding his rate, time worked, and expenses is an issue of credibility appropriate for jury determination, not expert opinion. As to the calculation of Plaintiff's total salary, the jury is equally able to complete the relatively simple calculation of "hours worked x rate charged – overhead = income." This calculation, therefore, is inappropriate for expert testimony.

Accordingly, Defendants' motion to exclude Bickerton's testimony is DENIED without prejudice in part and ALLOWED in part, as follows.

1. Bickerton may testify as to his credentials and background. If, at that time, Defendants seek to challenge his expertise, the court will rule on whether or not to certify Bickerton as an expert after Defendants have an opportunity for voir dire.

2. If certified as an expert, Bickerton may testify as set forth in this order.

IT IS SO ORDERED.

September 2, 2015                                    /s/ Indira Talwani
                                                     United States District Judge