UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

## FURTHER ORDER ON VIDEOTAPED DEPOSITION OF MICHAEL GUEUDRET

September 10, 2015

TALWANI, D.J.

On August 5, 2015, Plaintiff provided notice of the portions of the transcript of the deposition of Michael Gueudret ("Gueudret") that he sought to introduce at trial. See Notice of Pre-Trial Disclosures [#380]. On August 12, 2015, Defendants filed two motions *in limine* related to Gueudret. First, Defendants filed a Motion *in Limine* to Preclude Testimony Regarding Bribery Allegations [#397], which sought to preclude any testimony from Gueudret related to bribery allegations. Second, Defendants filed a Motion *in Limine* to Preclude Portions of the Deposition of Michael Gueudret [#418], which stated line-by-line objections to Gueudret's deposition testimony.

On August 28, 2015, the court allowed in part the motion *in limine* regarding bribery allegations, holding that "[i]n the absence of direct knowledge as to whether bribery in fact occurred, the speculative inference the witness seeks to draw that bribery in fact occurred is excluded . . . . This order does not preclude testimony regarding facts as to which [the witness] has direct personal knowledge as to any offer or plan to engage in bribery." See Electronic Order [#516]. On August 30, 2015, the court ruled on Defendant's line-by-line objections, sustaining the

vast majority of these objections. <u>See</u> Order Defs.' Mot. in Limine Preclude Protions Dep. Michael Gueudret [#527].[1]

Although Defendants filed two separate motions, and although the Court took the time to address each of these motions, the parties proceeded as if the order on bribery allegations had never issued. Plaintiff's counsel redacted the videotape of Gueudret's deposition in accordance with the court's <u>Order on Defendants' Motion *in Limine* to Preclude Portions of the Deposition of Michael Gueudret</u> [#527] but made no further changes in the designation of deposition testimony, presumably relying on Defendants' counsel to object to the specific testimony in their line-by-line objections. Defendants' counsel repeatedly and vehemently objected to the court's order concerning the bribery allegations, but failed to object in their line-by-line objections (either at the time they were filed originally, or after the court issued the order on the bribery allegations) to much of the testimony related to those allegations. The pages of the deposition transcript that did not include line-by-line objections were not presented to the court.

On September 10, 2015, Plaintiff began playing for the jury the redacted videotaped Gueudret deposition. Upon hearing portions of the tape that had not previously been provided to the court, and out of concern that these portions may include testimony regarding alleged bribery that lacked a basis in the testifying witness's direct knowledge, the court stopped the playing of the tape in order to allow further review. At the time the court stopped the videotape deposition, Plaintiff has already played all intended portions of the testimony corresponding with pages 1 through 80 of Gueudret's deposition. Accordingly, as to those portions, the court gave a curative instruction to the jury, explaining that they must disregard any testimony by Gueudret that related facts not directly within his personal knowledge. The court then took under consideration the

---

[1] Because the court only had limited excerpts of the deposition, it denied without prejudice certain objections to exhibits as it was not able to ascertain when and how those documents were used.

remaining portions of the deposition Plaintiff seeks to introduce.  In light of the court's curative instruction, which was accepted by both parties without objection, the court does not reconsider portions of the deposition transcript already introduced.  On the basis of the court's further review of portions of testimony not yet introduced, the court finds as follows:

1. **Page/lines 81:10-19.  Testimony stricken**.  Defendants did not object in their line-by-line objections.  Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

2. **Page/Line 81:20-22.  Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

3. **Page/Line 81:23-24.  Testimony stricken**.  Defendants did not object in their line-by-line objections.  Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

4. **Page/Line 82:1-4.  Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

5. **Page/Lines 83:9-16 (ending with word "yes").  Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

6. **Page/Lines 83:16-19 (starting with "And").  Testimony stricken**.  Defendants did not object in their line-by-line objections.  Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

7. **Page/Lines 83:20-24. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

8. **Page/lines 84:10-85:5. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

9. **Page/Line 85:6-24. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

10. **Page/Line 86:1-22. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

11. **Page/lines 87:13-87:19. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

12. **Page/Lines 87:20-24. Testimony stricken**.  Defendants did not object in their line-by-line objections.  Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

13. **Page/Line 88:1-8. Testimony allowed**.  Defendants did not object in their line-by-line objections.  Upon review, the court finds the lines not excluded under Electronic Order #516.

14. **Phrase on page/line 88:9 ("I just paid them because"). Testimony stricken**.  Defendants did not object in their line-by-line objections.  Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

15. **Page/Lines 88:9-16 (beginning "I had"). Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

16. **Page/Lines 88:19-22  Testimony stricken.** Defendants' prior objection should have been sustained.

17. **Page/lines 88:23-89:17.  Testimony stricken**. Defendants did not object in their line-by-line objections. Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

18. **Page/Lines 88:18-21.  Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

19. **Page/Lines 89:22-24.  Testimony stricken**. Defendants did not object in their line-by-line objections. Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

20. **Page/Lines 90:1 – 90:23.  Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

21. **Page/Line 91:3-19.  Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

22. **Page/Line 91:20-21.  Testimony allowed.** Defendants' hearsay objection was overruled in <u>Order on Defendants' Motion *in Limine* to Preclude Portions of the Deposition of Michael Gueudret</u> [#527]. Upon review, the court finds the lines not excluded under Electronic Order #516.

23. **Page/Line 91:22-24 (ending with "stopped")**. **Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

24. **Page/lines 91:24-92:2 (beginning at "because they")**. **Testimony stricken**. Defendants did not object in their line-by-line objections. Nonetheless, upon review, the court finds the lines properly excluded under Electronic Order #516.

25. **Page/lines 92:3-93:6**. **Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

26. **Page/Lines 93:13-22. Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

27. **Page/Line 93:23-94:9. Testimony allowed.** Defendants' lack of foundation objection was overruled in Order on Defendants' Motion *in Limine* to Preclude Portions of the Deposition of Michael Gueudret [#527]. Upon review, the court finds the lines not excluded under Electronic Order #516.

28. **Page/lines 94:10-95:13**. **Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

29. **Page/Lines 111:19-112:16. Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

30. **Page/Line 113:5-118:23. Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

31. **Page/Line 123:13-124:18. Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

32. **Page/Line 127:13-18**. **Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

33. **Page/line 128:4-16. Testimony allowed**. Defendants did not object in their line-by-line objections. Upon review, the court finds the lines not excluded under Electronic Order #516.

34. **Page/Line 158:13-159:3. Testimony allowed.** Defendants' hearsay objection was overruled in <u>Order on Defendants' Motion *in Limine* to Preclude Portions of the Deposition of Michael Gueudret</u> [#527]. Upon review, the court finds the lines not excluded under Electronic Order #516.

IT IS SO ORDERED.

September 10, 2015                                                              /s/ Indira Talwani
                                                                                United States District Judge