UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, <br><br> Plaintiff, <br><br> v. <br><br> BLAIR KRUEGER and DESERT EAGLE RESOURCES, LTD. f/k/a GARRISON INTERNATIONAL, LTD., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 12-cv-11198-IT <br> * <br> * <br> * <br> * <br> * |

FURTHER ORDER ON TRIAL EXHIBIT 329

September 11, 2015

TALWANI, D.J.

Plaintiff objected on the grounds of authenticity and hearsay to Trial Exhibit 329. In its Order on Plaintiff's Motion in Limine to Exclude from Evidence Certain Alleged Police Documents and Plaintiff's Motion in Limine to Exclude from Evidence Embassy Communications and Attachments [#543], the court overruled Plaintiff's objection to the authenticity of Trial Exhibit 329. On the hearsay objection, Defendants argued that the exhibit's contents may be introduced for the truth of the matter asserted therein pursuant to Fed. R. Evid. 803(8)(A)(i) as "[a] record or statement of a public office . . . [that] sets out . . . the office's activities." Plaintiff responded that Fed. R. Evid. 803(8)(A)(i) does not apply because the letter is sent from the General Police Department State Investigation Agency (commonly referred to by parties in this case as the "SIO") but does not set out the SIO's own activities. Rather, the letter sets forth the activities of the Police Department under the Government of Chingeltei district.

The court noted that the express text of Fed. R. Evid. 803(8)(A)(i) does not appear to encompass this circumstance, see Fed. R. Evid. 803(8)(A)(i) (referring to "a public office . . .

set[ting] out . . . *the office's* activities." (emphasis added)).  The court gave Defendants an opportunity to file with the court case law suggesting that the rule should be read more expansively than its text.  Defendants' response acknowledged they were unable to find authority supporting their position, but argued that the administrative structure of the Mongolian police meant that the SIO oversees district-level police departments.  Accordingly, Defendants theorize that reports by the SIO about district police departments should still fall within the rule.

The weight of authority holds to the contrary.  Friends of Milwaukee's Rivers & Alliance for Great Lakes v. Milwaukee Metro. Sewerage Dist., 556 F.3d 603, 615-16 (7th Cir. 2009); United States v. Jeferson, No. 1:07cr209, 2009 WL 2447845, at *2 (E.D. Va. Aug. 8, 2009) ("The plain language of Rule 803(8)(A) clearly does not provide a hearsay exception for statements or records, even if prepared by a public office or agency, which set forth the activities of a *separate, distinct* public office agency."); cf. United States v. Romero, 32 F.3d 641, 650 (1st Cir. 1994) (holding that Fed. R. Evid. 803(8)(A)(i) applies to "a statement by a public agency setting forth a routine activity of *that* agency." (emphasis added)).

Even presuming that the rule could apply as to particular offices that are closely controlled by other offices, Defendants offer no evidence regarding the level of control exercised by the SIO or whether it would be routine for the SIO to monitor and report on district-level investigations.[1]  In the absence of such evidence, the court cannot reasonably infer the same level of reliability as would attach is if the SIO was making comments about its own activities.

---

[1] Defendants cite translated provisions of Mongolian law stating that: (1) "[a]dministration principal of the police organization shall be the combination of centrally consolidated administration with territorial administration; (2) "[p]olice organization shall be organized according to territorial and workflow principle"; (3) "[p]olice organization shall consist of a Central police institution, its agencies, its branch departments in aimags and the capital city, and divisions and subdivisions in soum and district or inter soum or inter-district"; and (4) Citizen's Representatives' Khural, its heads and the same level governor shall administer local police with respect to certain issues except for those concerning inquiry, investigation, undercover operations and those subject to internal rules of police."  See Mongolian Law on Police Organization, arts. 3.2, 4.2-3, 6.1.

Defendants have not overcome the plain text of Fed. R. Evid. 803(8)(A)(i).  Trial Exhibit 329 may not be introduced for the truth of the matter asserted therein.

IT IS SO ORDERED.

September 11, 2015                                                                          /s/ Indira Talwani
                                                                                            United States District Judge