UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. NEELON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE | * |
| RESOURCES, LTD. f/k/a GARRISON | * |
| INTERNATIONAL, LTD., | * |
| | * |
| Defendants. | * |

ORDER DENYING RECONSIDERATION

September 11, 2015

TALWANI, D.J.

The court previously excluded Trial Exhibits 314 and 320 on the ground of a lack of showing of authenticity. On September 9, 2015, Defendants orally moved for reconsideration of the court's order excluding the documents. For the reasons set forth below, the court confirms its oral ruling DENYING the motion for reconsideration.

I.   Authenticity Has Not Been Shown

The court's prior order found that Defendants had failed to show that Trial Exhibits 314 and 320 were self-authenticating pursuant to Fed. R. Evid. 902(3). The order further found that Defendants had not otherwise made a showing of authenticity. Defendants did not seek to offer any witness able to testify as to the documents' authenticity. Moreover, Defendants produced no information regarding the documents contemporaneous with the time period in which they purport to have been sent (2011) or for any time prior to late 2014, approximately two years after this case commenced.

Defendants move for reconsideration on the ground that, on May 1, 2015, as part of their summary judgment papers, Defendants filed an affidavit of Batbuyan Sodnomjamts ("Sodnomjamts"), an associate employed by their Mongolian counsel, who stated that he "obtained from the District Prosecutor's office a copy" of the documents during a visit in late 2014 (Trial Exhibit 314) and a second visit in early 2015 (Trial Exhibit 320).  See Aff. Batbuyan Sodnomjamts ¶¶ 10, 14 [#322-19].  Sodnomjamts further explained that the documents were in the 800-page case file for criminal case 21147156.  See id. ¶ 5.  Defendants concede that they did not identify Sodnomjamts as a potential witness and do not intend to call him as a witness at trial.[1]  Nonetheless, Defendants assert that the court should treat Sodnomjamts's affidavit as a sufficient indicia of authenticity to allow introduction of Trial Exhibits 314 and 320.

Pursuant to Fed. R. Evid. 104(a), in making a determination as to a document's admissibility the court "is not bound by evidence rules."  Accordingly, the hearsay nature of Sodnomajmts's affidavit does not require that the court exclude the document from its consideration.  See Bourjaily v. United States, 483 U.S. 171, 180 ("A *per se* rule barring consideration of . . . hearsay statements during preliminary factfinding is not . . . required. . . . [T]rial courts must be permitted to evaluate these statements for their evidentiary worth as revealed by the particular circumstances of the case.").  Nonetheless, the court may properly consider the hearsay nature of this affidavit in determining the appropriate weight it should be given.  See id.  Here, the court finds that Sodnomajmts's hearsay statement, without more, is insufficient to justify reconsideration of the court's ruling excluding these documents.

---

[1] Defendants' counsel also implied that he was precluded from taking the affiant's deposition by this court's orders.  The court notes that Sodnomjamts was not listed on Defendants' list of witnesses sought to be deposed in Mongolia.  See Defs.' Resp. Order Dated November 26, 2014 [#177].

Trial Exhibits 314 and 320 were first placed on the record in March 2015, see Defs.' Mem. Law Supp. Mot. Reconsideration Court's Order Dated Jan. 12, 2015, Exs. 11-12 [#258], and Plaintiff contemporaneously raised concern about the documents' authenticity, see Pl.'s Opp'n Defs.' Mot. Reconsideration Protective Order [#275].  Accordingly, Defendants were on notice approximately six months ago of a likely authenticity objection at trial.  Nonetheless, Sodnomjamts was not listed as a potential witness at trial, where he could be cross-examined by Plaintiff to test the exhibits' authenticity.  Defendants instead offered an apostille in an attempt to render the documents self-authenticating, but (as detailed in the court's prior order) Defendants did not obtain an apostille authenticating the signatures of the government officials that allegedly signed these documents.  Instead, Defendants had the documents notarized in August 2015 and submitted to the court an apostille certifying only the authenticity of the notary's signature and stamp.  Defendants apparently made no other efforts to address Plaintiff's presumptive authentication challenge.

The court notes further that Defendants fail to point to any other indicators of authenticity for the court to test pursuant to Fed. R. Evid. 901.  Cf. Bourjaily, 483 U.S. at 180 (recognizing that hearsay statements, although presumed "unreliable in isolation, may become quite probative when corroborated by other evidence").

 Defendants' failure to reasonably address the authenticity objection raised by Plaintiff leaves the court with significant concerns about relying on an out-of-court statement that Plaintiff cannot test through cross-examination.

II.     Exclusion is not Prejudicial

The court further notes that, even if the documents could be authenticated, their exclusion is non-prejudicial.

Defendants argue that the exclusion of these documents will cause significant prejudice because Plaintiff has "repeatedly" stated that he never received any notice that he was being

investigated in the criminal case 21147156. There is no allegation by Defendants, however, that Plaintiff ever received Trial Exhibits 314 or 320. These documents appear to have been sent from one police officer to another and first produced in this case by Defendants in March 2015. Accordingly, insofar as Defendants argue that they must be able to impeach Plaintiff's statement regarding his receipt of notice that he was subject to investigation in criminal case 21147156, this argument fails to support the introduction of Trial Exhibits 314 and 320.

Defendants further argue that exclusion of Trial Exhibits 314 and 320 is prejudicial because Defendant Blair Krueger ("Krueger") had a reasonable understanding that Plaintiff was under investigation based on the fact that Plaintiff was barred from leaving Mongolia. The fact that Plaintiff was barred from leaving Monoglia, however, is not in dispute. Plaintiff presented evidence in his case-in-chief regarding his attempts to exit the country and immigration's refusal to let him exit. Defendants do not argue that either Krueger or the Mongolian counsel he employed had access to Trial Exhibits 314 or 320 prior to the publication of the press releases. Accordingly, Defendants cannot suggest that these documents formed the basis for Krueger's understanding—reasonable or otherwise—that Plaintiff was barred from leaving Mongolia because he was investigated in criminal case 21147156.[2] The court has not precluded Krueger's testimony regarding when and how he learned that Plaintiff was barred from exiting Mongolia as well as what conclusions he drew from that fact. The existence of Krueger's subjective belief in 2011, however, is not made more likely or less likely by introducing evidence that in 2014 or 2015 Defendants learned of the existence of these letters.

Finally, Defendants argue that exclusion of Trial Exhibits 314 and 320 is prejudicial because Neelon was in fact being investigated by the Mongolian authorities in relation to criminal case

---

[2] The court notes, moreover, that these documents are not bar transit orders, but requests for the issuance of bar transit orders.

21147156. On September 9, 2011, however, when asked if Defendants contended that Plaintiff was investigated as a suspect in criminal case 21147156, Defendants' counsel asserted in open court that it has "never been the[ir] argument" that Plaintiff was a suspect in criminal case 21147156. Accordingly, Defendants necessarily concede that these documents do not show that Plaintiff was being investigated *as a suspect* in the criminal case 21147156.  That Plaintiff was interrogated by police approximately five times regarding the factual allegations of the criminal case against Georges Cohen, and that he was called to the police station and required to turn over certain licenses and materials relevant to the case, is not in dispute.  Accordingly, it is unclear how the exclusion of two documents allegedly found in criminal case file 21147156 would lead to prejudice on this ground.

III.     Conclusion

For the above stated reasons, Defendants' oral motion for reconsideration is DENIED.  Trial Exhibits 314 and 320 remain excluded.

IT IS SO ORDERED.

September 11, 2015                                               /s/ Indira Talwani
                                                                 United States District Judge