UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL P. NEELON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 12-cv-11198-IT |
| BLAIR KRUEGER and DESERT EAGLE RESOURCES, LTD. f/k/a GARRISON INTERNATIONAL, LTD., | * * * | |
| | * | |
| Defendants. | * | |

CORRECTED ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER CONCERNING EXHIBIT 329 IN LIGHT OF COURT ORDER DATED SEPTEMBER 11, 2015 AND DEFENDANTS' CHANGED USE [#575]

September 18, 2015

TALWANI, D.J.

The court has previously ruled that the September 5, 2011, letter from the State Investigation Authority (pages 2 and 3 of Trial Exhibit 329) is hearsay not subject to any exception. See Further Order Trial Ex. 329 [#560]. The court found that the letter lacked the requisite indicia of reliability to be subject to the exception for public records as one office is reporting on the purported activities of another. See Fed. R. Evid. 803(8)(A)(i).

Defendants moved for admission of the letter for the purpose of impeaching Plaintiff's alleged assertion that he never received notice he was being investigated by Mongolian authorities. Plaintiff subsequently filed a motion to exclude the document completely, arguing that it is not relevant for any non-hearsay purpose. Defendants then reasserted their argument that the letter is admissible for purposes of impeachment.

At trial, Plaintiff testified that he was subject to a preliminary investigation that ended in May 2011. Plaintiff further testified that he was never investigated (and never received any

notice of being investigated) *as a subject* in the later investigation of criminal case no. 21147156. Nothing in the letter impeaches this testimony. The letter makes no reference to Plaintiff as a subject of the criminal investigation in case no. 21147156. Accordingly, Defendants have not shown that this letter is admissible for purposes of impeachment.

Moreover, the letter is translated in such a manner as to make its meaning unclear. And, as found previously by the court, the contents of the letter lack an indicia of reliability. Accordingly, even presuming that the contents of this letter somehow contradict Plaintiff's testimony, its impeachment value is at most minimal. Indeed, Defendants do not argue that Plaintiff was investigated as a suspect in criminal case no. 21147156. Accordingly, the court finds that the risk that this letter may mislead the jury and cause significant jury confusion outweighs its potential impeachment value.

<u>Plaintiff's Emergency Motion for Reconsideration of Order Concerning Exhibit 329 in light of Court Order Dated September 11, 2015 and Defendants' Changed Use</u> [#575] is ALLOWED. Pages 2 and 3 of Trial Exhibit 329 are excluded.

IT IS SO ORDERED.

September 18, 2015                                          /s/ Indira Talwani
                                                            United States District Judge